UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN KING,

    Plaintiff,

vs.

STEVEN GOWDY,

    Defendant.

_____/

Civil Action No.
02-CV-75136-DT

HON. BERNARD A. FRIEDMAN

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR COSTS

This matter is presently before the court, post-remand, on plaintiff's motions for costs [docket entries 101 and 102]. Pursuant to E.D. Mich. 7.1(e)(2), the court shall decide these motions without oral argument.

Plaintiff filed his motions for costs after the court entered judgment on a jury verdict in plaintiff's favor. The motions were briefed and a hearing was held. The court allowed $622.64 of the $6,253.01 in costs plaintiff sought. The court of appeals has vacated that order and remanded with instructions that the court "examine each requested expense in accordance with this opinion, applicable case law, and the dictates of § 1920." *King v. Gowdy*, 2008 WL 624773, at *6 (6th Cir. March 5, 2008).

Following receipt of the court of appeals' opinion, the court issued an order requiring plaintiff to submit a supplemental brief "in which he lists each item of costs he has sought in his two motions for costs (docket entries 101 and 102), explains how and why the item was incurred, and cites specific statutory and case authority supporting the assessment of the item against defendant." Plaintiff has filed his supplemental brief [docket entry 120] and defendant has filed a response [docket entry 121].

In his supplemental brief, plaintiff has significantly reduced the costs he seeks to have taxed against defendant. He now seeks $2,033.87 in deposition costs, $750 in copying expenses, $525 in graphic copying costs, $76.23 to obtain a copy of a witness's prison file, and the $455 appeal fee, the total being $3,840.10. For the following reasons, the court shall allow some of these costs and disallow others.

**Deposition Costs**

To support the requested deposition costs, plaintiff submits bills from two court reporting services (see Exhibits A, B and C, attached to plaintiff's supplemental brief). Exhibit A is a $803.98 bill, addressed to plaintiff's counsel, from Network Reporting for the reporting and transcription of the deposition testimony of Kelly Cramer, Douglas Goll and Robert Stevens. Exhibit B is a $841.80 bill, also addressed to plaintiff's counsel, from Network Reporting for the reporting and transcription of the deposition testimony of James Brooks, Aaron Jones and Mark Mackintosh. Exhibit C is an email message to plaintiff's attorney from Jerri Torolski, who is an assistant to this court's administrator, providing "a breakdown of the expenses paid for by the Court in the above case."[1] This email indicates that the court made the following five payments in this case from its non-appropriated fund: Network Reporting, $803.98; Network Reporting, $841.80;

---

[1] The court appointed counsel for plaintiff in this case. *See* docket entry 33. As part of its pro bono program, appointed counsel may apply to the court for payment of certain litigation expenses with the understanding that counsel will reimburse the court if and when counsel settle the case or obtain an award of costs. The purpose of this arrangement is to remove a significant disincentive that otherwise would discourage counsel from agreeing to be appointed in such cases. That is to say, if counsel had no assurance that out-of-pocket litigation expenses would be paid (particularly in the event of an unsuccessful outcome in the case), counsel would be disinclined to participate in the pro bono program or to litigate cases zealously.

State of Michigan Department of Corrections, $76.23; Detroit Legal Photocopying and Graphic Services, $225.00; and Shoemaker Court Reporting, $387.60. Therefore, the $2,033.87 in deposition costs plaintiff seeks are the total of the bills from Network Reporting (for deposition transcripts of Kelly Cramer, Douglas Goll, Robert Stevens, James Brooks, Aaron Jones and Mark Mackintosh) and Shoemaker Court Reporting (for the deposition transcript of a witness plaintiff does not identify).

As the court of appeals noted, "[d]eposition expenses are generally taxed as costs under § 1920." *King v. Gowdy*, 2008 WL 624773, at *3, *citing Sales v. Marshall*, 873 F.2d 115, 120 (6th Cir. 1989) ("Ordinarily, the costs of taking and transcribing depositions reasonably necessary for the litigation are allowed to the prevailing party. Necessity is determined as of the time of taking, and the fact that a deposition is not actually used at trial is not controlling"). Further, "[w]hen a deposition is not actually used at trial or as evidence on some successful preliminary motion, whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." 10 C. Wright & A. Miller, *Federal Practice and Procedure* § 2676, p. 424 (1998).

The court will tax the costs associated with deposing Kelly Cramer, Douglas Goll, Robert Stevens, James Brooks, Aaron Jones and Mark Mackintosh. These six witnesses either testified at trial or appeared on the parties' witness lists. Therefore, the court will tax as costs the $803.98 and $841.80 amounts from Network Reporting ($1,645.78 total). Defendant concedes that these deposition expenses are taxable. However, the court will not tax the $387.60 charged by Shoemaker Court Reporting because, as defendant notes, plaintiff has not identified the witness who was deposed.

The court rejects defendant's argument, made in his initial responses to plaintiff's motions for costs, that these costs should not be taxed because plaintiff did not personally pay them. As defendant correctly notes, *see* n.1, *supra*, plaintiff was billed for these costs by the court reporting services, but plaintiff forwarded those bills to the court, which paid them from its non-appropriated fund pursuant to its pro bono program. However, defendant cites no authority for the proposition that the prevailing party is entitled to an award of only those costs he actually has paid himself. The rule governing taxation of costs, Fed. R. Civ. P. 54(d)(1), contains no such limitation, but simply states: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." It is irrelevant whether the taxable costs in question were actually paid by plaintiff or by a third party. Costs are "allowed to the prevailing party," period. That is, if an item of costs exists (i.e., if the expense has been incurred) and if the item is taxable, it will be taxed against the non-prevailing party.

**<u>Copying Expenses</u>**

Plaintiff next seeks to have $750 in copying expenses and $525 in graphic copying expenses taxed as costs. As the court of appeals noted, "copying expenses are taxable as costs pursuant to § 1920 if 'necessarily obtained for use in the case.'" *King v. Gowdy*, 2008 WL 624773, at *2, *quoting* 28 U.S.C. § 1920(4). The court of appeals indicated that both photocopying and graphic copying expenses are subject to this standard.

Plaintiff is seeking $750 in copying expenses for "3,000 pages @ $.25." Plaintiff's Motion for Costs and Related Expenses, at 8. He indicates that "[t]otal copying was over 7000 pages but discounted due to overlap." *Id.* n.5. At page 3 of his supplemental brief, plaintiff states:

> These 3,000 pages were based upon a review of the Docket Sheet

> and the number of pleadings filed after the undersigned became counsel of record (two copies per pleading [one for Plaintiff and one for counsel's file]); providing a copy of discovery received from Defendant to Plaintiff for his review and comments; an extra copy of each deposition for use if necessary to impeach at trail; the production of twelve exhibit books (8 for the jury, one for the court, one for the defendant's counsel, one for the witness and one for Plaintiff's counsel); jury instructions and joint final pretrial order, and correspondences. After totaling up the number of copies made in this case, the undersigned reduced it to 3,000 pages to eliminate any duplication since two law students had worked on this litigation.

Defendant objects on the grounds that certain of the claimed copying costs may have been for plaintiff's counsel's convenience rather than "necessarily obtained for use in the case." However, defendant concedes that at least 2,180 pages are taxable (exhibit book pages and jury instructions). The court notes that two years elapsed from the time plaintiff's counsel was appointed to the time judgment was entered, and during that time the case was vigorously litigated. The court finds it entirely reasonable that plaintiff would necessarily obtain 820 pages of photocopies (in addition to the exhibit book pages and the jury instructions) in a case of this nature.[2] Defendant does not object to the requested page rate of $.25. Finding both the number of pages and the page rate to be reasonable, the court shall tax photocopying expenses in the requested amount of $750.

Plaintiff also seeks graphic copying expenses in the amount of $525. At pages 3-4 of his supplemental brief, plaintiff states that "[t]hese items were documents that were blown-up for use in the closing by Plaintiff's counsel, a law student. If this Court remembers, Plaintiff's counsel had five graphic posters - consisting of exhibits, a jury instruction on liability and the verdict form - on easels and used them in closing while educating the jury as to the elements of the claim, liability

---

[2]The court assumes the 3,000 pages at issue do not include copies of any docket entries predating counsel's appointment, as the court's Order of Assignment of Counsel [docket entry 33] allowed counsel to obtain "without cost . . . all pleadings filed to date in this matter."

and how to mark the verdict form." Plaintiff has not demonstrated that these posters were "necessarily obtained for use in the case," as opposed to being obtained for his counsel's convenience. Plaintiff does not indicate, and the court does not recall, which three exhibits were blown up, but any such magnification could have been achieved free of charge by using the court's overhead projector and screen. The jury instruction and verdict form could have been highlighted in the same manner or by writing them on the ink board or paper flip chart, all of which were in the courtroom for counsel's use. Under these circumstances, the court shall decline to tax as costs any amount for graphic copying expenses.

**Copy of a Witness's Prison File**

Plaintiff next asks the court to tax as costs $76.23 charged by the Michigan Department of Corrections for a copy of a witness's prison file. At page 4 of his supplemental brief, plaintiff states:

> Prisoner El-Hourani testified at trial. Prior to his testifying, Plaintiff obtained a copy of his prison file so that its content could be reviewed to find out for sure dates that the witness had been at the Adrian prison; what contact he had with the Defendant based upon misconducts or other documents written by the Defendant; what his criminal history was; and contact he had with other witnesses to determine if the documents could be used to b[ol]ster the credibility of this witness.

This item falls within the "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Section 1920(4). While defendant suggests that these copying charges are not taxable because El-Hourani's prison file was not admitted as a trial exhibit, the court believes plaintiff has adequately explained why a copy of the file was necessary for use in the case. The court shall therefore tax this cost against defendant.

6

**Appeal Fee**

Finally, plaintiff seeks to tax his $455 appeal fee against defendant. This is clearly a taxable cost. *See* 28 U.S.C. § 1920(1); Fed. R. App. P. 39(e)(4). Defendant's suggestion that neither party prevailed on appeal, and therefore the appeal fee should not be taxed, is unpersuasive. Under Fed. R. App. P. 39(a)(4), "if a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed only as the court orders." The court of appeals' decision in this matter did not change the fact that plaintiff prevailed at trial, and the result of that decision has been a significant increase in the costs being awarded in plaintiff's favor. The court shall therefore tax the appeal fee as part of the costs.

**Conclusion**

For the reasons stated above,

IT IS ORDERED that plaintiff's motions for costs [docket entries 101 and 102] are granted in part and denied in part as follows: The court shall tax as costs $1,645.78 in deposition expenses, $750 in photocopying expenses, $76.23 to obtain a copy of El-Hourani's prison file, and the $455 appeal fee. The costs taxed against defendant total $2,927.01.

s/Bernard A. Friedman
Bernard A. Friedman
United States District Judge

Dated: April 22, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 22, 2008, by electronic and/or ordinary mail.

s/Carol Mullins
Case Manager

7